UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GEORGE ANDERSON,

                                              **Plaintiff,**

   vs.                                              5:22-CV-545
                                                        (MAD/ML)

**FRIENDLY AUTO VENTURES, INC.** *doing business as Friendly Chrysler Dodge Jeep Ram of Hamilton*, **and SIDNEY FEDERAL CREDIT UNION,**

                                              **Defendants.**

---

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| **LEGAL SERVICES OF CENTRAL NEW YORK, INC.**<br>221 S. Warren Street, Suite 300<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **TRISTA F. O'HARA, ESQ.** |
| **GORDON, REES LAW FIRM**<br>18 Columbia Turnpike, Suite 220<br>Florham Park, New Jersey 07932<br>Attorneys for Defendant Sidney Federal Credit Union | **PETER G. SIACHOS, ESQ.**<br>**ERIC EVANS, ESQ.** |
| **UNDERBERG & KESSLER LLP - BUFFALO OFFICE**<br>50 Fountain Plaza - Suite 320<br>Buffalo, New York 14202<br>Attorneys for Defendant Friendly Auto Ventures, Inc. | **COLIN D. RAMSEY, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On February 27, 2019, Plaintiff George Anderson commenced this action against Defendants Friendly Auto Ventures, Inc. ("Friendly Auto") and Sidney Federal Credit Union

1

("SFCU"). *See* Dkt. No. 1. The second amended complaint alleges six causes of action (1) fraud against Friendly Auto; (2) breach of the implied covenant of good faith and fair dealing against Friendly Auto; (3) violations of General Business Law ("GBL") § 349 against both Defendants; (4) unconscionability against Friendly Auto; (5) violations of the Truth in Lending Act ("TILA") against both Defendants; and (6) violations of the Federal Trade Commission Act ("FTCA") against both Defendants. *See* Dkt. No. 41 at ¶¶ 32-68.

Currently before the Court is SFCU's motion to dismiss the three causes of action asserted against it. *See* Dkt. No. 51. For the reasons set forth below, SFCU's motion is granted.

## II. BACKGROUND

According to the second amended complaint, on January 20, 2020, Plaintiff was driving past Friendly Auto's car lot and stopped to look inside a new model Jeep. *See* Dkt. No. 41 at ¶ 7. A salesman, nonparty John Purcell, approached Plaintiff and asked him to come inside the dealership to talk. *See id*. Once inside, Plaintiff "disclosed to Mr. Purcell that he had a 2013 VW Beetle with 36,000 miles on it at home, and that he would 'be willing to trade it in for the same payment [he had] now,'" $327 per month. *Id*. at ¶ 10. Plaintiff was "very adamant" that the payment had to remain the same. *Id*. Mr. Purcell asked Plaintiff about his income, and Plaintiff told him that he was out of work after suffering a traumatic brain injury and his only form of income was workers compensation in the amount of $711.63 weekly. *See id*. at ¶ 12. Plaintiff explained that his vehicle had been hit "head on" by another driver and that he was still suffering from a concussion and various physical issues.[1] *Id*.

Several hours later, Mr. Purcell told Plaintiff to go home and pick up his VW Beetle and

---

[1] The second amended complaint asserts that Plaintiff was diagnosed with "an intellectual disability[] and cognitive impairment." Dkt. No. 41 at ¶ 29.

bring it back to the dealership. *See id.* at ¶ 14. After Plaintiff returned, Mr. Purcell presented him with a contract to purchase a 2016 Jeep Wrangler "and explained to [Plaintiff] very quickly[] what each page [of the contract] was." *Id.* at ¶ 15. Plaintiff does not "remember[] seeing a piece of paper with his payment amount on it" and "assumed the payment was the same because he had been so adamant that it had to be." *Id.* at ¶ 16. Plaintiff "was never asked for, nor did he ever produce any pay stubs, proof of Workers Compensation, or bank account information." *Id.* at ¶ 17. Plaintiff signed the contract and left the dealership. *See id.* at ¶ 18.

      Plaintiff and his power of attorney, Susan Weber, examined the contract the following day and determined that Plaintiff had purchased the 2016 Jeep Wrangler for "just under $35,000.00, with a monthly payment of $667.00 for a term of 6 years"—an increase of "approximately $355" over his previous monthly payment. *Id.* at ¶¶ 18, 21. Plaintiff and Ms. Weber went to Friendly Auto and attempted to rescind the contract and return the 2016 Jeep Wrangler, but no agreement could be reached. *See id.* at ¶¶ 22-26. Ms. Weber then contacted SFCU, who provided a copy of the financing application submitted by Friendly Auto. *See id.* at ¶ 28. That application indicated that Plaintiff was "disabled" and listed an income that "was inflated by [Friendly Auto] by approximately $870.00 per month." *Id.* On March 3, 2021, Plaintiff received a letter from SFCU stating that the 2016 Jeep Wrangler had been sold and a deficiency was due and owed in the amount of $11,202.14. *See id.* at ¶ 31.

      SFCU now argues that Plaintiff (1) failed to state a claim under the TILA because SFCU is an assignee rather than a creditor; (2) failed to state a claim under GBL § 349 because he failed to plead facts establishing that SFCU committed an actionable deceptive business practice; and (3) lacks standing to assert a claim under the FTCA. *See* Dkt. No. 52-2. In opposition, Plaintiff argues that the second amended complaint states a claim under GBL § 349. *See* Dkt. No. 53.

Plaintiff states that he does not oppose dismissal of his claims under the TILA and the FTCA. *Id.* at 4.

### III. DISCUSSION

**A.     Standard**

A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)); *see also Sutton ex rel. Rose v. Wachovia Secs., LLC*, 208 Fed. Appx. 27, 29-30 (2d Cir. 2006) (noting that, on a motion to dismiss, a court may take judicial notice of documents filed in another court).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on

4

[their] face," *id.* at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed," *id.* at 570.

**B.    Plaintiff's GBL § 349 Claim**

Section 349 declares unlawful all "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  "Section 349 governs consumer-oriented conduct and, on its face, applies to virtually all economic activity." *Small v. Lorillard Tobacco Co.,* 94 N.Y.2d 43, 55 (1999) (citation omitted).  "Generally, claims under the statute are available to an individual consumer who falls victim to misrepresentations made by a seller of consumer goods through false or misleading advertising." *Id*. (citation omitted).

To assert a *prima facie* claim under General Business Law § 349, a "plaintiff must allege that: (1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception." *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Co., Inc.*, 37 N.Y.3d 169, 176 (2021) (citations omitted).  "A defendant's actions are materially misleading when they are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Id.* at 178 (quotation omitted).  "What is objectively reasonable depends on the

facts and context of the alleged misrepresentations and 'may be determined as a matter of law or fact (as individual cases require).'" *Id.* (quotation omitted).

Plaintiff has not adequately pled the "materially misleading" element of his GBL § 349 claim with respect to SFCU. The second amended complaint alleges a number of "deceptive practices," but only two of these allegations are attributable to SFCU: (1) that SFCU required "no evidence to substantiate [Plaintiff's] income"; and (2) that SFCU took "no action once it was discovered and proven that [Plaintiff's] income had been purposefully inflated." Dkt. No. 41 at ¶ 44(e), (f). However, neither the second amended complaint nor Plaintiff's submissions explain how the failure to act in the above ways deceived or misled Plaintiff. Instead, Plaintiff appears to argue that SFCU's behavior was "predatory" and part of a pattern of "egregious actions by lenders that lead [sic] to the mortgage meltdown." Dkt. No. 53 at 7-8. Even assuming that were true, the second amended complaint must still identify some "affirmative conduct that would tend to deceive consumers." *Collazo v. Netherland Prop. Assets LLC*, 35 N.Y.3d 987, 991 (2020) (holding that GBL § 349 "'cannot fairly be understood to mean that everyone who acts unlawfully, and does not admit the transgression, is being "deceptive"' within the meaning of section 349") (quotation omitted); *see also Schlessinger v. Valspar Corp.*, 723 F.3d 396, 399 (2d Cir. 2013). Plaintiff has not done so here.[2]

Accordingly, SFCU's motion to dismiss Plaintiff's GBL § 349 claim is granted.

**C.     Plaintiff's TILA and FTCA Claims**

As noted above, Plaintiff does not oppose SFCU's motion to dismiss his TILA and FTCA claims insofar as they are asserted against SFCU. *See* Dkt. No. 53 at 4. Accordingly, SFCU's

---

[2] At best, Plaintiff has alleged that SFCU was misled by Friendly Auto when Friendly Auto inflated Plaintiff's income to secure the loan.

motion to dismiss Plaintiff's TILA and FTCA claims is granted.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Sidney Federal Credit Union's motion to dismiss (Dkt. No. 51) is **GRANTED**; and the Court further

**ORDERS** that **Defendant Sidney Federal Credit Union** is **DISMISSED** from this action; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge